NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000046
17-DEC-2014
09:28 AM

NO. CAAP-12-0000046

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE MATTER OF THE REAL ESTATE BROKER'S LICENSE OF
BRUCE R. TRAVIS, Respondent-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 11-1-1090)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Ginzoa, JJ.)

In this secondary appeal, Respondent-Appellant Bruce R. Travis (Travis) appeals from the December 15, 2011 Judgment[1] of the Circuit Court of the First Circuit (Circuit Court) in favor of Petitioner-Appellee Department of Commerce and Consumer Affairs (DCCA), through its Regulated Industries Complaints Office (RICO).[2] The Judgment affirmed the Real Estate Commission's (Commission) April 29, 2011 Final Order, adopting the Hearings Officer's[3] December 28, 2010 Findings of Fact and Conclusions of Law and the January 6, 2011 Amended Recommended Order granting RICO's motion for summary judgment, thereby revoking Travis's real estate broker's license (license).

_____

[1]    Travis actually appeals from the January 19, 2012 Order Denying his Motion to Reconsider Order Affirming Commission's Final Order. However, as "a mistake in designating the judgment . . . should not result in [the] loss of the appeal as long as the intention to appeal from a specific judgment can be fairly inferred form the notice and the appellee is not misled by the mistake." State v. Graybeard, 93 Hawai'i 513, 516, 6 P.3d 385, 388 (App. 2000) (citation and internal quotation marks omitted). Although Petitioner-Appellee DCCA/RICO note the discrepancy in Travis's notices of appeal, they do not claim they were misled.

[2]    The Honorable Rhonda A. Nishimura presided.

[3]    Craig H. Uyehara was the Administrative Hearings Officer.

On appeal before this court, Travis maintains that the Circuit Court erred in affirming the Commission's Final Order because the Commission: (1) lacked subject matter jurisdiction and (2) wrongfully revoked his license by concluding that his conduct violated Hawaii Revised Statutes (HRS) §§ 436B-19(12) (2013), 467-14(8) (2013), and 467-14(20) (2013).

After reviewing the record on appeal, the points raised, the parties' arguments and the applicable legal authority, we resolve Travis's points as follows and affirm.

1. The Commission had jurisdiction to revoke Travis's license. "The existence of jurisdiction is a question of law that we review de novo under the right/wrong standard. Questions regarding subject matter jurisdiction may be raised at any stage of a cause of action." Lingle v. Hawaii Gov't Emps. Ass'n, AFSCME, Local 152, AFL-CIO, 107 Hawai'i 178, 182, 111 P.3d 587, 591 (2005) (citation omitted); see also, HRS § 91-14(g)(2) (2012) (providing for judicial review of an agency's decision in a contested case for jurisdictional defects). The Commission had jurisdiction over Travis's real estate license pursuant to HRS §§ 26-9(b) (2009), 92-17(b) (2012), 467-4 (2013), and 467-14 (2013). Travis's arguments regarding HRS § 831-3.1(b) (Supp. 2013) do not deprive the jurisdiction of the Commission to revoke a real estate broker's license.

2. The Commission did not err in its conclusion that Travis's conduct violated the statutes governing his real estate license.

> If the legislature has granted the agency discretion over a particular matter, then we review the agency's action pursuant to the deferential abuse of discretion standard (bearing in mind the legislature determines the boundaries of that discretion).

Paul's Elec. Serv., Inc. v. Befitel, 104 Hawai'i 412, 419-20, 91 P.3d 494, 501-02 (2004). Travis argues that the Commission erred in concluding that his conduct violated HRS §§ 436B-19(12), 467-14(8), and 467-14(20). We disagree.

a. HRS § 436B-19(12) provides that the licensing authority may revoke a license due to "[f]ailure to comply, observe, or adhere to any law in a manner such that the licensing

authority deems the applicant or holder to be an unfit or improper person to hold a license[.]"

The conclusions of law set forth in the Hearing Officer's Findings of Fact and Conclusions of Law (Conclusions of Law), later adopted by the Commission, were as follows:

> [Travis] does not dispute that he failed to comply with the applicable tax laws that formed the basis for his Criminal Case. Rather, [Travis] argues that his noncompliance was *not* done in a manner such that the Commission can deem him to be an unfit or improper person to hold a license in violation of HRS § 436B-19(12).
>
> The undisputed evidence, however, was more than sufficient to justify such a conclusion. [Travis's] intentional evasion of his tax obligations over a number of years, the filing of a false tax return, and the filing of multiple, frivolous lawsuit[s] against the federal government, raise genuine and serious concerns over [Travis's] honesty and integrity. Moreover, [Travis's] well-documented and ongoing delusional behavior and his obvious willingness to act upon them even to the detriment of his family, certainly raise the potential for consumer harm and cannot be ignored.

While Travis argues the significance of these described events, he has not disputed these facts. We cannot find error in the conclusion that Travis's license should be revoked pursuant to HRS § 436B-19(12).

b.   HRS § 467-14(8) provides that "the commission may revoke any license issued under this chapter . . . for any cause authorized by law, including but not limited to . . . [a]ny other conduct constituting fraudulent or dishonest dealings[.]"

The Conclusions of Law set forth as follows:

> [W]ith respect to HRS §467-14(8), [Travis] contends that his misguided protest of the tax laws does not amount to "fraudulent or dishonest dealings" relevant to real estate transactions. [Travis] apparently argues that the numerous letters in support of his good character are enough to raise a genuine issue of material fact for hearing. Even viewing those letter[s] in [the] light most favorable to [Travis,] however, the fact of the matter is that the circumstances upon which [Travis] was convicted were undoubtedly fraudulent and dishonest and beyond any genuine dispute.

We cannot find error in the conclusion that Travis was unfit to hold a license pursuant to HRS § 467-14(8) in light of the evidence that he intentionally evaded tax obligations over a few decades, filed a false tax return, and filed frivolous lawsuits against the federal government.

c.    HRS § 467-14(20) provides that "the commission may revoke any license issued under this chapter . . . for any cause authorized by law, including but not limited to . . . [f]ailure to maintain a reputation for or record of competency, honesty, truthfulness, financial integrity, and fair dealing[.]"

The conclusions of law set forth as follows:

> [Travis] also points to the numerous letters he attached to his responsive brief that support [Travis's] good character, and argues that those letters are sufficient to raise a genuine issue of material fact for hearing in connection with his reputation. Notwithstanding those letters, [Travis's] criminal conviction is of record and that conviction together with the nature of that conviction constitutes a failure to maintain a record of honesty and truthfulness.
>
> Additionally, as discussed earlier, the uncontroverted evidence also raises a serious concern over [Travis's] competency. The uncontroverted opinions of two professionals along with [Travis's] continued delusions and willingness to act upon them also lead the Hearings Officer to conclude that [Travis] has failed to maintain a record of competency.

(footnote omitted).

The nature of Travis's actions raises serious concerns regarding his honesty and financial integrity. His intentional evasion of tax obligations over an extensive period of time, filing of a false tax return, and filing of frivolous lawsuits against the federal government all exhibit his failure to maintain a record of honesty, truthfulness, financial integrity, and fair dealing. See HRS § 467-14(20). Moreover, Travis's treating psychiatrist's concern over Travis's ongoing delusions and willingness to act upon them raise serious concerns over his competency to hold a real estate license and ability to freely interact with the general public.

d.    Travis raises four additional arguments in his opening brief but fails to include them in his points of error. We may disregard points not presented in accordance with Hawai'i Rules of Appellate Procedure Rule 28(b)(4). ("Points not presented in accordance with this section will be disregarded, except that the appellate court, at its option, may notice a plain error not presented."). Nevertheless, we address these additional arguments and find them to be without merit. See Marvin v. Pflueger, 127 Hawai'i 490, 496, 280 P.3d 88, 94 (2012)

4

(substantial compliance "where the remaining sections of the brief provide the necessary information to identify the party's argument").

First, Travis argues that his procedural due process rights were violated. "At its core, procedural due process of law requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner before governmental deprivation of a significant liberty interest." State v. Bani, 97 Hawai'i 285, 293, 36 P.3d 1255, 1263 (2001). "However, we have repeatedly recognized that due process is not a fixed concept requiring a specific procedural course in every situation. Instead, due process is flexible and calls for such procedural protections as the particular situation demands." Id. at 296, 36 P.3d at 1266 (internal citations, quotation marks, and brackets omitted).

Here, Travis participated in the administrative hearing, presented evidence, and appealed the Commission's Final Order, arguing before the Circuit Court. Any argument that Travis did not receive sufficient notice of the charge based upon HRS § 467-14(20) due to the erroneous citation to HRS § 467-14(2) when the text of the proper provision was quoted in the petition is without merit. Under these circumstances, Travis was provided with sufficient notice and the opportunity to be heard. See Bani, 97 Hawai'i at 293, 36 P.3d at 1263.

Second, Travis argues in the alternative, that the Commission's Final Order was obtained via unclean hands, stating, "When it chose to ignore HRS § 831-3.1 and cite only four general statutes to claim that REC had SMJ, the DCCA chose to violate Travis' due process rights." However, as discussed above, the Commission had jurisdiction over Travis's real estate license and did not violate his due process rights. Moreover, Travis provides no evidentiary support for his allegations of bad faith.

Third, Travis argues that HRS §§ 436B-19(12), 467-14(8), and 467-14(20) are unconstitutional as they "interfered with both his free exercise of religion as well as his right to free speech; i.e., his tax protest." The Hawai'i Supreme Court "has consistently held that every enactment of the legislature is

5

presumptively constitutional, and a party challenging the statute has the burden of showing unconstitutionality beyond a reasonable doubt. The infraction should be plain, clear, manifest, and unmistakable." Kaho'ohanohano v. State, 114 Hawai'i 302, 339, 162 P.3d 696, 733 (2007) (citation and internal quotation marks omitted). Here, Travis fails to carry his burden to demonstrate how his constitutional rights to free speech or freedom of religion were violated.

Finally, in light of our rejection of Travis's arguments, we reject his conclusory contention that even if the above arguments are individually insufficient, they are cumulatively convincing.

Accordingly, in light of our circumscribed role in this secondary appeal, see Befitel, 104 Hawai'i at 416, 91 P.3d at 498, we do not find error.

Based on the foregoing, the December 15, 2011 Judgment entered by the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, December 17, 2014.

On the briefs:

Brian Custer,
for Respondent-Appellant.

Patrick K. Kelly,
Regulated Industries
Complaints Office,
Department of Commerce and
Consumer Affairs,
for Petitioner-Appellee.

Presiding Judge

Associate Judge

Associate Judge

6